UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:24-cv-00982-SSS-SHKx | Date | May 30, 2024 |
| Title | *Andrew C. Gonzales v. Lennox Indus. Inc., et al.* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

    This putative class action is about a wage-and-hour dispute between Plaintiff Andrew C. Gonzales and Defendant Lennox Industries Inc.  Gonzales alleges Lennox Industries (1) failed to pay wages that were owned upon termination or resignation, (2) failed to provide accurate and itemized wage statements, (3) failed to pay its employees for the hour they worked during their meal periods, (4) failed to pay minimum wages, and (5) failed to pay overtime wages.  Gonzales seeks compensatory damages, liquidated damages, and attorneys' fees.  Lennox Industries removed the case, alleging jurisdiction exists under the Class Action Fairness Act ("CAFA").  [Dkt. 1, Notice of Removal ("NOR") ¶¶ 6–46].  Relevant here, Lennox Industries assumes a 100% violation rate for each of the wage-and-hour violations to meet CAFA's $5 million jurisdictional threshold. [*See id.* ¶¶ 22–41].

    CAFA confers district courts subject matter jurisdiction over certain class actions.  28 U.S.C. § 1332(d)(2).  A defendant seeking to remove a class action from state court must file a notice of removal alleging facts that demonstrate the case meets CAFA's jurisdictional requirements: a class of more than 100 members, minimal diversity, and an amount in controversy that exceeds $5,000,000.  28 U.S.C. §§ 1332(d)(2), 1446(a).  A notice of removal need only plausibly allege that

the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). A court must accept those allegations as true unless contested by the plaintiff or the court. *Id.*; *Arias v. Residence Inn by Marriot*, 936 F.3d 920, 927 (9th Cir. 2019).

If challenged, both parties must have an opportunity to submit evidence—i.e., declarations, affidavits, or other summary-judgment type evidence—to show whether the amount in controversy has been met. *Dart Cherokee*, 574 U.S. at 88; *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195, 1197 (9th Cir. 2015). The defendant carries the ultimate burden of proving by a preponderance of the evidence that their assumptions in calculating the amount in controversy were reasonable. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 701 (9th Cir. 2020). The preponderance-of-the-evidence standard does not require a court to perform detailed mathematical calculations. *Id.* "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* (quoting *Ibarra*, 775 F.3d at 1198).

"As seemingly is always the case in wage-and-hour lawsuits attempting to find their way to federal court, violation rates are key to the calculation necessary to reach the $5,000,001 amount-in-controversy figure CAFA requires." *Toribio v. ITT Aerospace Controls LLC*, No. CV 19-5430-GW-JPRx, 2019 WL 4254935, at *2 (C.D. Cal. Sept. 5, 2019). In the wage-and-hour context, courts have been reluctant to assume a 100% violation rate absent allegations of a uniform or consistent practice of labor law violations. *See Ibarra*, 775 F.3d at 1198-99 (agreeing with district court's finding that allegations of a "pattern and practice" does not mean *always* doing something). Even where there are allegations of a policy, pattern, or practice present, this does not *per se* mean the alleged unlawful conduct is universally followed in every situation. *See id.* at 1199; *see also Dunn v. SHC Servs., Inc.*, No. 1:21-cv-00744-NONE-SAB, 2021 WL 5122057, at *18 (E.D. Cal. Nov. 4, 2021) (finding it unreasonable to assume that *all* putative class members were entitled to waiting-time penalties, in part, despite allegations of a "pattern or practice" or "policy" of violating the Labor Code); *Mackall v. Healthsource Global Staffing, Inc.*, No. 16-cv-03810-WHO, 2016 WL 4579099, at *4 (N.D. Cal. Sept. 2, 2016) (finding it unreasonable to assume a 100% violation rate because the allegations the defendant "regularly" and "consistently" failed to pay overtime wages does not amount to defendant doing so "every time for every shift"); *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 911 (N.D. Cal. 2016) (finding it unreasonable to assume a 100% violation rate based on

allegations that the defendants "maintained a policy or practice" of meal break violations).

Here, Lennox Industries offers no supporting allegation to support its assumption that there was a 100% violation rate for each wage-and-hour violation. Absent evidence to support this assumption, the Court is skeptical that the allegations in this case will meet CAFA's jurisdictional threshold. Accordingly, Lennox Industries is **ORDERED TO SHOW CAUSE** in writing why this case should not be remanded for lack of subject matter jurisdiction. The brief must not exceed 15 pages and is due by **June 14, 2024**. Gonzales may file a responsive brief, if necessary. The responsive brief must not exceed 15 pages and is due **June 21, 2024**. A hearing is set on this matter for **June 28, 2024, at 1:00 p.m.** via Zoom videoconference.

**IT IS SO ORDERED.**